GAIL CARON,

    Plaintiff,

    v.

GRABER SUPPLY LLC,
individually
doing business as
GRABER BUILDINGS, et al.,

    Defendants.

1:17-cv-00631-NLH-AMD

**OPINION**

**APPEARANCES**:

ALLAN E. RICHARDSON
RICHARDSON EMPLOYMENT AND CIVIL RIGHTS LAW
142 EMERSON STREET
SUITE B
WOODBURY, NJ 08096

STEVEN J. RICHARDSON
LAW OFFICES OF STEVEN J. RICHARDSON, PC
40 NEWTON AVE
WOODBURY, NJ 08096
    On behalf of Plaintiff

JOSEPH L. TURCHI
SALMON RICCHEZZA SINGER & TURCHI
TOWER COMMONS
123 EGG HARBOR ROAD - SUITE 406
SEWELL, NJ 08080

PHILIP D. PRIORE
MCCORMICK & PRIORE, PC
301 CARNEGIE CENTER
SUITE 100
PRINCETON, NJ 08540
    On behalf of Defendant Graber Supply, LLC

**HILLMAN, District Judge**

This matter concerns claims by Plaintiff regarding the allegedly faulty construction of a pole barn on her residential property in Monroeville, New Jersey. Defendant, Graber Supply, LLC, has filed a partial motion to dismiss, seeking the dismissal of Plaintiff's claims that it violated New Jersey's Home Improvement Practices Act, N.J.A.C. 13:45A–16.1 *et seq*. For the reasons expressed below, Defendant's motion will be denied.

## BACKGROUND

According to her complaint, in late 2014, Plaintiff, Gail Caron, contracted with Defendant Graber Supply, LLC ("Graber") to construct a 100' x 70' building, commonly referred to as a pole barn, on her residential property. Construction began on February 4, 2015. On February 18, 2015, a member of Graber's crew hit and cracked a truss with a forklift. Plaintiff claims that Graber made no offer to repair the damage in any manner and the damaged truss will cause the roof to leak. Plaintiff also claims that Graber did not follow the engineering drawings, which also compromised the integrity of the building. As a result, Plaintiff claims that the pole barn did not pass inspection by the municipal building inspector.

These alleged failures, among others regarding Graber's business practices, serve as the basis for her complaint, which

alleges that Graber violated New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., through violations of the Home Improvement Practices Act, N.J.A.C. 13:45A-16.1 et seq., and committed common law fraud, negligence, and breach of contract.[1]

Graber has moved to dismiss, or for summary judgment if the Court considers documents outside the pleadings, Plaintiff's Home Improvement Practices Act claims. Graber argues that the pole barn cannot be considered a home improvement under the Act, and therefore Plaintiff's claims for violations of the Act fail as a matter of law. Plaintiff has opposed Graber's motion, arguing that Graber is a licensed home improvement contractor who is covered by the Act, and that the pole barn constitutes an improvement to her residential property that falls under the Act.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

Graber removed this action from New Jersey state court to this Court pursuant to 28 U.S.C. § 1441. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the

---

[1] Plaintiff has also asserted negligence claims against the defendants who manufactured and delivered the roof trusses, as well as the subcontractor engaged by Graber to construct the pole barn. These three defendants have filed answers to Plaintiff's complaint.

3

parties and the amount in controversy exceeds $75,000. The citizenship of the parties is as follows: Plaintiff is a citizen of New Jersey; Graber is a citizen of Pennsylvania; Defendant Triple D Truss, LCC is a citizen of Pennsylvania; Defendant L&S Truss, LLC is a citizen of Pennsylvania; and Defendant Premier Structures, LLC is a citizen of Pennsylvania. (See Amended Notice of Removal, Docket No. 35 at 2-3.)

**B. Standard for Motion to Dismiss/Summary Judgment**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair

4

notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

### C. Analysis

The purpose of the Home Improvement Practices Act "is to implement the provisions of the Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, by providing procedures for the regulation and content of home improvement contracts and establishing standards to facilitate enforcement of the requirements of the Act." N.J.A.C. 13:45A–16.1(a). The rules apply "to all home improvement contractors as defined in N.J.A.C. 13:45A-17.2," which defines "home improvement contractors" as "a person engaged in the business of making or selling home improvements." These home improvement contractors must register under the Home Improvement Contractor Registration provision, N.J.A.C. 13:45A-17.3 ("No person shall engage in the business of making or

5

selling home improvements in this State unless registered with the Division in accordance with this subchapter.").

The Home Improvement Practices Act lists numerous unlawful acts and practices, and Plaintiff alleges several violations against Graber, including failing to provide a written contract signed by both parties prior to commencing work, not following the engineering plans, and demanding payment prior to completion of an approved inspection. (Amend. Compl. ¶ 55.) Graber argues that it cannot be held liable under the Act for these alleged violations because the sale and construction of the pole barn does not constitute a home improvement. Graber contends that because the purpose of the pole barn was for Plaintiff to ride horses indoors, that use is not residential, and it therefore cannot be considered an improvement to Plaintiff's home.

Plaintiff counters that the strict regulation of home improvement contractors, the broad consumer protections afforded by the Home Improvement Practices Act, and the plain language of the Act all clearly demonstrate that Graber is a home improvement contractor that undertook a home improvement project at Plaintiff's residence when it contracted with her to construct a pole barn on her property.

The Court agrees with Plaintiff. When the New Jersey Legislature enacted the Contractor's Registration Act, N.J.S.A. 56:8-136 to -152, and the implementing regulations – the Home

Improvement Practices Act, N.J.A.C. 13:45A-16.1 to -17.14 - in 2004, the Legislature created a framework within the New Jersey Consumer Fraud Act that regulates contractors who are engaged in the business of making or selling home improvements because it regarded the home improvement industry as being greatly in need of regulation, and "the seriousness with which the Legislature approached the perceived problems in that industry is reflected both in the expansive language of the statute's definitional reach and in the remedies that the statute authorizes." Czar, Inc. v. Heath, 966 A.2d 1008, 1012 (N.J. 2009). The Legislature made the statute applicable broadly and it used "sweeping language in its definition of 'home improvements' so that the requirements of the Act would reach an extensive variety of persons and entities involved in the home improvement business." Id. "The statute's identification of the CFA as its principal civil enforcement mechanism . . . strongly suggests that the Legislature intended to broadly empower consumers of these services to seek relief for violations and to be made whole." Id. at 1013.

> The Act defines "home improvement" as:
>
> the remodeling, altering, painting, repairing, renovating, restoring, moving, demolishing, or modernizing of residential or noncommercial property or the making of additions thereto, and includes, but is not limited to, the construction, installation, replacement, improvement, or repair of driveways, sidewalks, swimming pools, terraces, patios, landscaping, fences, porches, windows, doors,

> cabinets, kitchens, bathrooms, garages, basements and basement waterproofing, fire protection devices, security protection devices, central heating and air conditioning equipment, water softeners, heaters, and purifiers, solar heating or water systems, insulation installation, siding, wall-to-wall carpeting or attached or inlaid floor coverings, and other changes, repairs, or improvements made in or on, attached to or forming a part of the residential or noncommercial property, but does not include the construction of a new residence. The term extends to the conversion of existing commercial structures into residential or noncommercial property and includes any of the above activities performed under emergency conditions.

N.J.S.C. 13:45A–16.1A.

The Act defines "residential or non-commercial property" as:

> a structure used, in whole or in substantial part, as a home or place of residence by any natural person, whether or not a single or multi-unit structure, and that part of the lot or site on which it is situated and which is devoted to the residential use of the structure, and includes all appurtenant structures.

Id.

How a property is used is the overriding concern when determining whether the Home Improvement Practices Act applies. Luma Enterprises, L.L.C. v. Hunter Homes & Remodeling, L.L.C., 2013 WL 3284130, at *4 (N.J. Super. Ct. App. Div. 2013). "If a substantial part of the property is used as a 'home or place of residence' by the owner or any other natural person, it is covered by the regulations." Id. (citations omitted).

For example, "a commercially owned, unoccupied, part residential, part commercial property qualifies as a

residential, non-commercial property for purposes of the [CFA] and its regulations." All Risk, Inc. v. Merion Realty, LLC, 2016 WL 7666667, at *9 (N.J. Super. Ct. App. Div. 2016) (quoting Marascio v. Campanella, 689 A.2d 852, 856 (N.J. Super. Ct. App. Div. 1997)).  In contrast, a residence that was previously used as a person's home but was entirely converted into a business does not fall under the Home Improvement Practices Act.  See Luma Enterprises, L.L.C., 2013 WL 3284130, at *4 (explaining that at the time the renovations began, the structure on the Property was a "house," but the appearance of the structure has little to do with how the Property was "used"; "Luma never used or intended to use the Property as a residence and contracted with HHR to renovate it into a daycare center"; "at all times during Luma's ownership, efforts have been directed toward constructing a commercial, not a residential, property"; and "[t]hat the Property could be used as a residence without approval from the township or other appropriate authorities is irrelevant").

Graber argues that because the pole barn is not attached to Plaintiff's house, that improvement does not align with the holding in Marascio, but rather is more like Luna.  The simple language of the Act undermines this argument, however, because the Act covers the construction of swimming pools as well as other items that may or may not be physically unattached to a

9

residence such as sidewalks, fences, and garages.  Standalone structures of such kind would appear to fall under the statute's inclusion of "the making of additions.... includ[ing] .... construction .... on .... or forming a part of [] residential or noncommercial property.  N.J.S.C. 13:45A-16.1A.  The use of the phrase "attached to or forming a part of" the property is clear evidence the New Jersey Legislature did not intend to require that the improvement be attached to the main residence.  Graber's argument would exclude from the Act's coverage the construction of unattached improvements despite the Act's explicit inclusion of them.

   The New Jersey courts have made it clear that the intended use of the entire property is the key issue in determining whether the Act applies.  Plaintiff's complaint does not relate Plaintiff's intended use of the pole barn, but Plaintiff does not dispute Graber's representation that Plaintiff wished to ride her horses indoors.  There also does not appear to be any dispute that Plaintiff lives on the property in her private residence.  Thus, just as the addition of a pool on a residential property in which the property owner may swim is considered a home improvement, a barn added to a residential property in which the property owner may ride her horse is considered a home improvement.  Moreover, under Marascio, even if Plaintiff's pole barn had a commercial use, the regulations

10

accommodate contracts for renovations to property with multiple uses, so long as the property is one that is "used in whole or substantial part" as a residence.  Marascio, 689 A.2d at 501 (citing N.J.A.C. 13:45A–16.1).

Graber is registered as a home improvement contractor registered pursuant to N.J.A.C. 13:45A-17.3 with the license number 13VH02127200.  (Amend. Compl. ¶ 13.)  There is no question that Graber is a home improvement contractor subject to the framework that regulates contractors.  There is also no question that the Home Improvement Practices Act provides broad protections to consumers who contract with home improvement contractors such as Graber.  Graber's construction of a pole barn on Plaintiff's residential property squarely falls within the protections of the Act.  Consequently, Plaintiff's claims against Graber for its alleged violations of the Act are viable and may proceed.

## **CONCLUSION**

For the reasons expressed above, Graber's motion to dismiss Plaintiff's claims under the Home Improvement Practices Act must be denied.  An appropriate Order will be entered.


Date:  August 15, 2017            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

11